# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

| | | |
|---|---|---|
| TERRY D. QUATTLEBAUM, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-18-1978 |
| BANK OF AMERICA, N.A. et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This is an action to quiet title. Plaintiff Terry D. Quattlebaum, who has filed similar suits twice before, seeks an order dismissing a pending foreclosure action in state court and staying the sale of the property in question. I conclude his suit is barred for two reasons. First, Mr. Quattlebaum cannot bring a quiet title action under Maryland law while a foreclosure action involving the same property remains pending, as is the case here. *See* Md. Code Ann., Real Prop. § 14-108(a). Second, the doctrine of res judicata bars his claim. I also conclude that the Complaint fails to state a claim against the U.S. Department of Housing and Urban Development. Accordingly, the defendants' motions to dismiss are granted, and this case shall be closed.

## FACTUAL BACKGROUND

This dispute, like the ones that preceded it, concerns Mr. Quattlebaum's residential property on Hanover Parkway in Greenbelt, Maryland. Mr. Quattlebaum and his wife have called the property their own, either individually or jointly, since August 1999. *See* Compl. ¶ 7, ECF No. 1, Ex. 2. The couple refinanced the property in January 2008, taking out a mortgage loan from

Dell Franklin Financial LLC ("DFF"). *See id.* ¶ 5. The deed of trust securing the loan named Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. *See* Compl. ¶ 6; Deed of Trust, ECF No. 19, Ex. A. Soon after the refinancing, DFF sold the loan to Countrywide Home Loans, Inc., a company that Bank of America later acquired. *See Quattlebaum v. Bank of America, N.A.* (Quattlebaum I), No. TDC-14-2688, 2015 WL 1085707, at *1 (D. Md. Mar. 10, 2015).

On January 31, 2012, Mr. Quattlebaum filed a petition for Chapter 7 bankruptcy relief. *See* ECF No. 19, Ex. C. The bankruptcy court discharged his eligible debts on May 9, 2012. *See id.* Mr. Quattlebaum's Complaint in the case before me expressly acknowledges that the lien on his residential property "survived the chapter 7 relief." Compl. ¶ 14.

On August 7, 2012, just a few months after the discharge, MERS assigned the deed of trust to Bank of America. *See* Compl. ¶ 11; Assignment, ECF No. 19-3. Later, in 2013, the Quattlebaums signed a subordinate note and deed of trust in exchange for a $9,481.36 loan from the U.S. Department of Housing and Urban Development ("HUD").[1] *See* Compl. ¶ 12; ECF No. 27, Ex. 1.

Several lawsuits have since followed. Mr. Quattlebaum filed the first suit ("*Quattlebaum I*," as I will call it) on May 22, 2014, in the District Court of Maryland for Prince George's County. The complaint, as originally filed, sought to quiet title in the Hanover Parkway property. *See* Quattlebaum I Compl., ECF No. 19, Ex. D. It effectively alleged that the February 2008 sale and subsequent transfer of the mortgage were fraudulent and that Bank of America could not enforce the deed of trust because it did not have the original promissory note. *See id.*

---

[1] HUD's motion to dismiss explains that the loan "was made pursuant to the Federal Housing Administration's (FHA) loss mitigation procedures for mortgage insurance, which permits HUD to pay a 'partial claim' directly to the lender for an FHA-insured mortgage to cure the debtor's default. *See* HUD Mem. 2, ECF No. 27-1 (citing 12 U.S.C. § 1715u(a)).

2

Bank of America and Countrywide, as two of three named defendants in the action, promptly removed the suit to federal court. *See Quattlebaum I*, 2015 WL 1085707, at *2. Judge Theodore D. Chuang later granted their motion to dismiss the complaint. *See id.* at *8. His March 10, 2015 order dismissed the quiet title claim with prejudice but allowed Mr. Quattlebaum to amend the complaint to reassert claims he had attempted to bring under the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Uniform Commercial Code. *See id.* at *6, *8. Mr. Quattlebaum did file an amended complaint, but Judge Chuang later dismissed all of the newly asserted claims with prejudice, just the same. *See Quattlebaum v. Bank of Am., N.A.*, No. TDC-14-2688, 2015 WL 7185438, at *3.

Mr. Quattlebaum filed a second lawsuit (*Quattlebaum II*) on April 14, 2016, this time in the Circuit Court for Prince George's County. *See* Quattlebaum II Compl., ECF No. 19-6. The second suit, which likewise named Bank of America and Countrywide as defendants, asserted an array of new claims under state and federal law, including the Maryland Mortgage Fraud Protection Act and the federal Fair Debt Collection Practices Act. *See id.* History soon repeated itself, with the defendants removing the case to federal court and the case assignment going to Judge Chuang. In a December 2016 memorandum opinion and order, Judge Chuang agreed with the defendants that the new suit sought to litigate issues that Mr. Quattlebaum had already raised (or, at the very least, could have raised) in the first action. *See Quattlebaum v. Bank of Am., N.A.* (Quattlebaum II), No. TDC-16-1711, 2016 WL 7174611, at *2-*3 (D. Md. Dec. 7, 2016), *aff'd*, 695 F. App'x 59 (4th Cir. 2017). The court concluded the claims were barred by res judicata and granted the defendants' motion to dismiss. *See id.* at *2. The Fourth Circuit affirmed the dismissal in August 2017. *See Quattlebaum v. Bank of Am., N.A.*, 695 F. App'x 59 (4th Cir. 2017) (per curiam).

On January 9, 2018, the substitute trustees under the deed of trust filed a foreclosure action in the Circuit Court for Prince George's County. *See* Foreclosure Action Docket Sheet, ECF No. 19-8. The circuit court has since issued an order ratifying the foreclosure sale of the Hanover Parkway property. *See id.* The foreclosure action remains pending. *See* Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/casesearch/ (accept disclaimer and search case number "CAEF18-00132").

Mr. Quattlebaum brought this suit in the interim. He filed his complaint in the Circuit Court for Prince George's County on May 2, 2018, naming Bank of America, MERS, and HUD as defendants. *See* Compl. Bank of America removed the case to this Court soon afterward. *See* Notice of Removal, ECF No. 1.

The Complaint, styled as a quiet title action, purports to seek the following remedies: an order staying the sale of the property and dismissing the foreclosure action; an order quieting title in the property, releasing the deed of trust in Mr. Quattlebaum's favor, and removing "any and all derogatory reporting and/or filings with the credit bureaus and HUD"; and, finally, and order "resolv[ing] the matter of a Subordinate Deed of Trust and stated principle amount with HUD." Compl. ¶¶ 20-22. Its allegations in support of these demands for relief are not especially easy to parse. At the outset, Mr. Quattlebaum states that the suit "rises from" the pending foreclosure action. Compl 2 (introductory paragraph). The Complaint goes on to assert that the "alleged adverse interest in his property [was] actually defective, invalid or ineffective" when he began to defend himself in the foreclosure action. *Id.* ¶ 6. It then states that although Mr. Quattlebaum was initially confused by Bank of America's filings in that action, he has since drawn the conclusion that "[t]he assignment/lien appears to have been invalidly created, or has become invalid or has been satisfied." *Id.*

4

The rest of the Complaint is less than entirely coherent. At one point, it alleges that Bank of America failed to inform him of DFF's "changed status" (presumably its dissolution) either before or during the Chapter 7 proceedings. *Id.* ¶ 10. It then challenges MERS's August 7, 2012 assignment of the deed of trust to Bank of America on the grounds that the signatory was a "robo-signer."[2] *Id.* ¶¶ 10-11.

Defendants have since filed two motions to dismiss. Bank of America and MERS (collectively, the "Corporate Defendants") filed first, jointly arguing that the Complaint fails to state a claim upon which relief may be granted. *See* Corporate Defs.' Mot. to Dismiss, ECF No. 19. Their joint motion argues, specifically, that the doctrine of res judicata bars the quiet title claim, that Mr. Quattlebaum lacks standing to challenge the 2012 assignment, and that he has otherwise failed to state a claim. *See* Corporate Defs.' Mem., ECF No. 19-1. HUD filed a separate motion to dismiss, arguing that none of the allegations in the Complaint undermines the agency's security interest in the property. *See* HUD Mem. 1, ECF No. 27-1.

Each of the two motions has been fully briefed.[3] *See* ECF Nos. 19, 21-22, 27-28, 30, 39. No hearing is required. *See* Loc. R. 105.6.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237,

---

[2] The reference to "robo-signing" echoes an allegation Mr. Quattlebaum raised in *Quattlebaum I*. There, as Judge Chuang's March 10, 2015 memorandum opinion notes, Mr. Quattlebaum alleged that Bank of America had "used 'robo-signing, false notary signatures, and submission of questionable, inaccurate or patently counterfeit affidavits' to fraudulently establish its ownership of Quattlebaum's mortgage. 2015 WL 1085707, at *3.

[3] The partial shutdown of the federal government in late 2018 delayed briefing on HUD's motion. *See* ECF Nos. 36.

5

2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79.

## DISCUSSION

Two motions to dismiss are before me. I will address the Corporate Defendants' motion first before turning to HUD's motion.

### A.

Bank of America and MERS argue there are several reasons why this case cannot proceed. I will address two of them, as I find that either one warrants the dismissal of Mr. Quattlebaum's quiet title claim.

First, I agree with the Corporate Defendants that this claim is statutorily barred at present because the foreclosure action remains pending. *See* Corporate Defs.' Mem. 13. Under Maryland law, a person in "peaceable possession of property" may maintain a quiet title action only "if an action at law or proceeding in equity is not pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim." Md. Code Ann., Real Prop. § 14-108(a). Put another way,

6

a pending foreclosure proceeding is a bar to a quiet title claim. *See Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 197 n.1 (4th Cir. 2014). Mr. Quattlebaum has expressly stated that his quiet title action "rises from" the foreclosure action the substitute trustees brought against the same property. Compl. That action, as I have already noted, remains pending. *See* Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/casesearch/ (accept disclaimer and search case number "CAEF18-00132"). So long as that is the case, Mr. Quattlebaum's quiet title claim is unsustainable.

The Corporate Defendants are also correct in arguing that res judicata bars this suit. This doctrine "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action."[4] *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)). When considering this defense, "a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Kalos v. Centennial Sur. Assocs., Inc.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)).

In Maryland, res judicata provides grounds for dismissal where a defendant establishes "(1) the parties in the present litigation are the same or in privity with the parties in the earlier dispute;

---

[4] When, as here, the defendants seek "to dismiss a suit based on res judicata (i.e., claim preclusion) and the original suit was decided by a federal court exercising diversity jurisdiction, the court deciding the preclusion issue must apply the law of the state in which the first federal court sits." *Blick v. Soundview Home Loan Tr. 2006-WF1*, No. 3:12-CV-62, 2013 WL 139191, at *2 (W.D. Va. Jan. 10, 2013), *aff'd*, 521 F. App'x 207 (4th Cir. 2013). The judgment in *Quattlebaum I* was handed down by a federal court sitting in Maryland, so the Maryland law of preclusion applies here.

(2) the current claim presented is identical to the claim that had been resolved in the prior dispute; and (3) the prior dispute resulted in a final judgment on the merits." *Reid v. New Century Mortg. Corp.*, No. PX-18-233, 2018 WL 4538585, at *5 (D. Md. Sept. 20, 2018). Here, the third element is not in dispute, as there is no question that *Quattlebaum I* concluded with a judgment on the merits. *See Quattlebaum v. Bank of Am.*, N.A., 2015 WL 7185438, at *3, *6 (granting defendants' motion to dismiss and dismissing with prejudice all claims in the amended complaint); *Quattlebaum I*, 2015 WL 1085707, at *6 (dismissing the quiet title claim with prejudice under Rule 12(b)(6)). The first and second requirements do, however, merit some discussion.

To satisfy the first element, the Corporate Defendants must establish that "the parties in the present litigation are the same or in privity with the parties to the earlier litigation." *Cochran v. Griffith Energy Servs., Inc.*, 43 A.3d 999, 1002 (Md. 2012) (quoting *R & D 2001, LLC v. Rice*, 938 A.2d 839, 848 (Md. 2008)). Bank of America was a defendant in *Quattlebaum I*. MERS was not. The Corporate Defendants argue, though, that MERS "sits in privity with" Bank of America because it "was the original beneficiary of the Deed of Trust as nominee for the lender and its successors and assigns before it assigned its interest to" Bank of America. Corporate Defs.' Mem. 8. I agree. "Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *Reid*, 2018 WL 4538585, at *5 (quoting *Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000)). As assignor and assignee, MERS and Bank of America share an interest in affirming the validity and enforceability of the challenged assignment. I conclude, therefore, that they are in privity for purposes of res judicata.

The second element requires a showing that "the claim in the second matter is based upon the same cause of action involved in the earlier proceeding." *Anne Arundel Cty. Bd. of Educ. v.*

8

*Norville*, 887 A.2d 1029, 1037-38 (Md. 2005). This element is satisfied where the current and prior claims "arise out of the same transaction or series of transactions." *Reid*, 2018 WL 4538585, at *5 (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008)). As this Court has previously explained:

> When assessing this element, courts consider "whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Notably, res judicata bars claims that were *or could have* been brought in the original action.

*Id.* (quoting *Anyanwutaku*, 85 F. Supp. 2d at 571).

Mr. Quattlebaum insists his new quiet title claim "did not arise from the same transaction as the previous actions." Opp'n 14, ECF No. 21-1; see id. at 10 (asserting that the Complaint in this case "sets forth new factual allegations beyond those asserted in prior complaints"). If, however, the present suit is somehow meaningfully different from the previous ones, that difference is not readily apparent, and Mr. Quattlebaum has not explained just what that difference is.

The complaint in *Quattlebaum I*, as Judge Chuang's March 2015 memorandum opinion explains, alleged defects in Bank of America's claim of title. Specifically, it "appear[ed] to assert that the sale of [Mr. Quattlebaum's] mortgage by [DFF] to Countrywide, and the transfer of the mortgage from Countrywide to Bank of America, were fraudulent, and thus that Bank of America's entitlement to his property [was] suspect." *Quattlebaum I*, 2015 WL 1085707, at *4. He further argued that Bank of America had "falsified a series of documents in an effort to establish its valid entitlement" to the property. *Id.* at *5. He argued, on the basis of these and other

allegations, that Bank of America's ownership of the deed of trust to the property was "clouded." *Id.* at *3.

Mr. Quattlebaum raised substantially similar allegations in his second suit (*Quattlebaum II*). In a December 7, 2016 memorandum opinion, Judge Chuang noted that Mr. Quattlebaum had repeated his allegations that the Bank of America, among other defendants, had made fraudulent statements in connection with its status as holder of the note, along with other misrepresentations concerning the mortgage. *See Quattlebaum II*, 2016 WL 7174611, at *3. Mr. Quattlebaum had also rehashed his allegations that the defendants lacked standing to enforce the refinanced loan and that they "failed to file a proof of claim in the bankruptcy case." *Id.*

The new Complaint treads the same ground. At bottom, Mr. Quattlebaum is once again contesting the validity of the lien on his property. *See* Compl. ¶ 6. He specifically alleges, as before, that one or more documents relating to the lien were fraudulently executed. *See id.* ¶ 15. While, in this case, he singles out the August 7, 2012 assignment for purportedly clouding the title, the allegation mirrors his prior assertions that other documents were defective, and there is no reason he could not have raised it in one of his previous suits.

Mr. Quattlebaum's invocation of the "continuing violations doctrine" does not rescue his claim. *See* Opp'n 16-17. His response in opposition argues this doctrine "benefits Quattlebaum and affects a motion made under res judicata . . . when Defendants['] related acts fall within the limitation period and a fiduciary relationship exist[s] between parties." *Id.* at 16. But, in fact, the two cases he cites for this principle have nothing to do with res judicata. Each, rather, discusses circumstances in which a "continuing violation," or a "continuation of events," may toll the statute of limitations to bring a claim. *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir. 2004) (explaining that the "continuing violations doctrine" is an equitable doctrine that "extends the

limitations period on otherwise time barred claims only when [an] unlawful employment practice manifests itself over time, rather than as a series of discrete acts"); *Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095, 1107 (Md. 2004) ("Maryland recognizes the 'continuation of events' principle, in which the statute of limitations for certain claims is tolled where there exists a fiduciary relationship between the parties."). These doctrines have no applicability here.

To sum up, Mr. Quattlebaum's quiet title claim is barred. I am therefore granting the Corporate Defendants' motion to dismiss.

### B.

HUD has filed a motion to dismiss of its own. This motion argues that the Complaint fails to state a claim for relief against the agency. I agree.

Mr. Quattlebaum's Complaint makes only a few references to HUD. The only paragraph that appears to raise any substantive allegations about the agency's interest in the property is Paragraph 12, which reads as follows:

> Department of Housing and Urban Development (HUD) received a "Subordinate Deed of Trust (HUD Instrument) executed by [Bank of America] that appears on its face to have been "given on February 1, 2013" and apparently recorded on or about February 18, 2014 or March 4, 2014 as it is not clear. The Deed princip[al] amount is $9,481.36 also not clear because the allege[d] loan modification to confirm this amount is 'null and void' effective December 2, 2012. This is an issues [sic] addressed in discovery for clarification.

Compl. ¶ 12.

These allegations are wholly inadequate to state a claim against HUD. While it is true that a district court must liberally construe pleadings filed by an unrepresented plaintiff, a court cannot ignore "a clear failure in the pleading to allege facts that set forth a claim currently cognizable in

11

a federal district court." *Lewis v. Maryland*, No. PWG-17-1636, 2018 WL 1425977, at *3 (D. Md. Mar. 22, 2018) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)). Nowhere does Mr. Quattlebaum's Complaint explain just what, if anything, renders HUD's secured interest in the property defective. The closest he comes to explaining the basis of his claim is where he asserts that a loan modification "to confirm" the amount of the loan was "null and void." Compl. ¶ 12. This, however, is a conclusory statement of law, which, in contrast with non-conclusory factual allegations, is not "entitled to be assumed true." *Iqbal*, 556 U.S. at 681. Mr. Quattlebaum, in any event, has not denied that he benefitted from a HUD loan and has not alleged that he paid it off, either in part or in full. I see no discernable cause of action here and will therefore grant HUD's motion to dismiss.

## CONCLUSION

Mr. Quattlebaum's quiet title claim is barred, both because a foreclosure action involving the same property is currently pending and because of the doctrine of res judicata. He has otherwise failed to state any cognizable claims for relief. I am therefore granting each of the two motions to dismiss that have been filed in this case. A separate order follows.

Date: May 10, 2019

Paul W. Grimm
United States District Judge

12